IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TODD ANTHONY HERNANDEZ, | ) | CIV. NO. 10-00674 SOM/KSC |
| | ) | CR. NO. 05-00196 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION AND TO AMEND |
| | ) | OR ALTER JUDGMENT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR
RECONSIDERATION AND TO AMEND OR ALTER JUDGMENT

Petitioner Todd Anthony Hernandez moves for reconsideration under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.

Rule 52(b) is inapplicable to this matter, as Rule 52 concerns nonjury trials, and no trial was conducted in connection with this petition seeking relief under 28 U.S.C. § 2255.

Rule 59(e) permits a district court to reconsider and amend a previous judgment or order. See Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). However, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Id. (quotation omitted). In general, a Rule 59(e) motion for reconsideration should not be granted absent highly unusual circumstances, 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999), unless the district court is

presented with newly discovered evidence or committed clear error, or if there has been an intervening change in the controlling law or the motion must be granted to prevent manifest injustice. See McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). This court analyzes Hernandez's reconsideration motion under Rule 59(e), deeming it timely filed as Hernandez states that he placed it in the prison mail system on October 7, 2011, less than 28 days after judgment was entered in this action on September 12, 2011.

Hernandez does not assert that he has newly discovered evidence. Far from presenting new evidence, his reconsideration motion merely repeats arguments and refers to matters already presented in his prior filings. He cites no change in controlling law occurring after judgment was entered in this action. Nor does he cite any error or assert any injustice other than the errors and injustices asserted in prior filings as having occurred during trial, sentencing, and appellate proceedings. As Hernandez does not establish that reconsideration is warranted here, the court denies his motion.

The court previously declined to issue a certificate of appealability. See ECF No. 181. If Hernandez seeks further relief from this court's rulings, he should file a timely notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 20, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Todd Anthony Hernandez v. United States; Civ. No. 10-00674 SOM/KSC, Cr. No. 05-00196 SOM; ORDER DENYING MOTION FOR RECONSIDERATION AND TO AMEND OR ALTER JUDGMENT