IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Crim. No. 05-0196 SOM |
| --- | --- |
| | ) Civ. No. 10-00674 SOM/KSC |
| Plaintiff, | ) |
| | ) ORDER DENYING "MOTION FOR |
| vs. | ) JUDICIAL REVIEW AND RELIEF FROM |
| | ) POST-CONVICTION JUDGMENT, |
| TODD ANTHONY HERNANDEZ, | ) PURSUANT TO FED.R.CIV.P. RULE |
| | ) 60(B)(3) AND RULE 60(B)(6), |
| Defendant. | ) BASED UPON DEFECTS IN THE |
| | ) INTEGRITY OF THE FEDERAL 28 |
| | ) U.S.C. §2255 PROCEEDING(S) |
| | ) RESULTING TO MATERIAL EXTRINSIC |
| _____ | ) FRAUD UPON THE HABEAS COURT" |

**ORDER DENYING "MOTION FOR JUDICIAL REVIEW AND RELIEF FROM POST-CONVICTION JUDGMENT, PURSUANT TO FED.R.CIV.P. RULE 60(B)(3) AND RULE 60(B)(6), BASED UPON DEFECTS IN THE INTEGRITY OF THE FEDERAL 28 U.S.C. §2255 PROCEEDING(S) RESULTING TO MATERIAL EXTRINSIC FRAUD UPON THE HABEAS COURT"**

**I.      INTRODUCTION**

Todd Anthony Hernandez was convicted of drug crimes in 2005. In April 2013, he filed the present Rule 60(b) motion. Hernandez has been a prolific pro se filer who has repeated the same arguments on multiple occasions. His current motion is no different and is denied because it is untimely and because, even if considered on its merits, it simply reasserts the same arguments raised earlier.

**II.     BACKGROUND.**

On September 9, 2005, a jury found Hernandez guilty of (1) knowingly and intentionally conspiring to distribute and to possess with intent to distribute 500 grams or more of a mixture

or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers ("crystal methamphetamine") and (2) knowingly and intentionally distributing 500 grams or more of crystal methamphetamine. See Verdict at 1-2, Electronic Case File ("ECF") No. 46.

On August 23, 2007, the court sentenced Hernandez to 262 months in prison and 10 years of supervised release for Count 1 and Count 2, with the sentences to run concurrently. Hernandez was also ordered to pay special assessments of $200 ($100 per count). See Minutes, ECF No. 127; Judgment in a Criminal Case, ECF No. 133.

At Hernandez's sentencing hearing, the court orally denied his motion to dismiss indictment and set aside verdict. See Minutes, Aug. 23, 2007, ECF No. 127. A written order denying that motion was filed the following day. See Order Denying Defendant's Motion to Dismiss Indictment and Motion Requesting Court to Invoke its Supervisory Powers to Set Aside Verdict and Dismiss Indictment With Prejudice, ECF No. 128. Hernandez appealed. On February 24, 2009, the Ninth Circuit Court of Appeals affirmed Hernandez's conviction and sentence in a memorandum disposition. See Memorandum, No. 07-10428, ECF No. 152. That memorandum disposition was amended on April 3, 2009. See Order, No. 07-10428, ECF No. 153. On October 5, 2009, the

Supreme Court of the United States denied Hernandez's petition for writ of certiorari. See ECF No. 156.

On October 4 or 5, 2010, Hernandez filed a document titled, "Petition Requesting a Stay in the Filing of a Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255 Until the Resolution of Fed. R. Civ. P. 60(b) Petition As Fraud Has Been Committed Directly Upon the Courts to Rectify a Manifest Miscarriage of Justice." See ECF No. 157.

On October 13, 2010, the court informed Hernandez that Rule 60(b) was inapplicable to his criminal conviction. The court asked Hernandez whether he wanted his document to be construed as a § 2255 petition. See ECF No. 161. In a document filed on November 11, 2010, Hernandez asked that his document be so construed. See ECF No. 163.

On June 29, 2011, the court denied the § 2255 petition and declined to issue a certificate of appealability. See ECF No. 181. The court subsequently denied Hernandez's motions for clarification, reconsideration, and complete findings of fact. See ECF No. 187, Sept. 12, 2011. The court then denied another motion seeking reconsideration or the alteration or amendment of judgment. See ECF No. 191, Oct. 20, 2011.

On January 25, 2012, the Ninth Circuit also denied his request for a certificate of appealability. See ECF No. 195.

On April 22, 2013, Hernandez filed the present Rule 60(b) motion. See ECF No. 198.

**III.     THE RULE 60(b) MOTION IS UNTIMELY.**

To the extent Hernandez's present motion, although couched as a Rule 60(b) motion, is a successive petition under § 2255, it is barred absent certification from the Ninth Circuit. See 28 U.S.C. § 2255(h). Nothing in the record suggests that such certification was obtained.

Construing the present motion as a true invocation of Rule 60(b), because that construction is the most generous to Hernandez, this court concludes that no relief under Rule 60(b) is warranted.

Hernandez brings the present motion pursuant to Rules 60(b)(3) and 60(b)(6) of the Federal Rules of Civil Procedure. Although the bases of his motion are far from clear, it appears that his motion reasserts the same arguments he advanced earlier in this case. See, e.g., Motion at 9 ("These were some of the many fraudulent tactics the Petitioner presented in his Docket [159] motion, leading to material facts of ineffective assistance of: trial, sentencing, and appellate cousnsel(s)"), ECF No. 198; Reply at 4 ("These were some of the viable material facts supported by the 'record and court files' the Petitioner presented: **prior to, and during sentencing** . . ."); at 7 ("These were some of the most viable grounds of governmental extrinsic

4

fraud upon the court(s) the Petitioner raised during his §2255 post conviction proceeding(s)"); and at 13 ("Throughout the course of this litigation, the Petitioner has continuously reference[d] . . . . his Docket [103], [126], and his August 23, 2007 sentencing hearing transcript(s) in support of impeachment of our government's ongoing professional extrinsic fraudulent misconduct."), ECF No. 201.

Rules 60(b)(3) and (6) allow this court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ; or (6) any other reason that justifies relief." Rule 60(b) motions are committed to the discretion of the trial court. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach. Inc., 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted); see also In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th

5

Cir. 1987) (noting that "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case"). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." De Saracho, 206 F.3d at 880. A Rule 60(b)(3) motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Hernandez's Rule 60(b)(3) motion was filed more than one year after anything else filed in the case. It is therefore untimely.

Rule 60(b)(6) allows the court to relieve a party from a final judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. See Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008); accord Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rule 60(b)(6) motions must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). As discussed above, Hernandez's Rule 60(b)(3) motion was filed more than one year after the last relevant filing. The motion was filed more than a year after the Ninth

Circuit declined to adjudicate his appeal of this court's order denying his § 2255 petition, nearly 34 months after the court denied the § 2255 petition, and more than 5 years after he was sentenced. Because the motion appears to be raising the same issues Hernandez raised before, Hernandez fails to show that he filed the motion within a "reasonable time" under the circumstances presented here. Moreover, even if the court considers the merits of the motion, because it appears to advance the same arguments Hernandez made in the past, Hernandez fails to demonstrate any "extraordinary circumstance" justifying relief.

**IV.    CONCLUSION.**

Hernandez's Rule 60(b) motion is denied without a hearing, as allowed by Local Rule 7.2(d).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 3, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

U.S. v. Hernandez, Cr. No. 05-000196 SOM; Civ. No. 10-00674 SOM/KSC; ORDER DENYING "MOTION FOR JUDICIAL REVIEW AND RELIEF FROM POST-CONVICTION JUDGMENT, PURSUANT TO FED.R.CIV.P. RULE 60(B)(3) AND RULE 60(B)(6), BASED UPON DEFECTS IN THE INTEGRITY OF THE FEDERAL 28 U.S.C. §2255 PROCEEDING(S) RESULTING TO MATERIAL EXTRINSIC FRAUD UPON THE HABEAS COURT"